WEINSTEIN, WEINER, IGNAL, NAPOLITANO & SHAPIRO, P.C.  •  ATTORNEYS AT LAW  •  JURIS NO. 65912
350 FAIRFIELD AVENUE  •  P.O. BOX 9177  •  BRIDGEPORT, CONNECTICUT 06601  •  (203) 333-1177

WHEREFORE THE PLAINTIFF CLAIMS:

1.  This is an action for monetary damages within the jurisdictional limits of the Court.

2.  Interest;

3.  Costs of collection;

4.  An order on the defendant(s) for reasonable weekly payments out of sums earned or to be earned by the defendant(s) in accordance with the statute made and provided.

NOTICE is hereby given to the defendant(s) that the plaintiff intends to seek satisfaction of any Judgment rendered in its favor in this action, out of any debt accruing to the defendant(s), by reason of the defendants' personal services.

Dated at Bridgeport, Connecticut on July 5, 2006.


Roberta Napolitano
Commissioner of Superior Court

This is an action for monetary and other damages greater than $15,000.00, exclusive of interest and costs.

The remedy sought is based upon an express promise to pay a definite sum.

THE PLAINTIFF,
BY WEINSTEIN, WEINER, IGNAL,
NAPOLITANO & SHAPIRO, P.C.

BY: _____

Roberta Napolitano
Weinstein, Weiner, Ignal,
Napolitano & Shapiro, P.C.
350 Fairfield Avenue
P.O. Box 9177
Bridgeport, CT 06601
(203) 333-1177
Juris No. 66912

# EXHIBIT L




# DREIER LLP

#### ATTORNEYS AT LAW

Earl T. Ormond
eormond@dreierllp.com

January 16, 2007

**VIA FEDERAL EXPRESS**
Louis J. Testa, Esq.
Nuebert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510

      Re:    Bankruptcy - Ducky Interactive, Inc. ("Ducky, Inc.")
              Case No. 05-23457 (ASH)

Dear Lou:

      We represent Scott B. Hockler ("Mr. Hockler"), court appointed representative of Ducky, Inc. in the above referenced matter. In furtherance of our continuing efforts to produce any and all responsive documents relating to the 2004 Examination of Mr. Hockler, enclosed you will find Bates labeled documents SH 2972 through SH 2996.

      These documents are copies of letters we sent to various institutions (including Citibank) requesting documents required by the Court Order. Many of these documents were previously Bates labeled and provided to you in our prior correspondence. Where appropriate, I am also including copies of FEDEX receipts associated with these letters to remove any doubt that they were in fact sent by our office in the quickest means possible. Based upon the fact that many of these letters have been previously provided to you, we are surprised that you continue to press the Motion to Compel.

      In response to questions contained in your e-mail from January 15, 2007, we understand that Mr. Hockler has been dealing with Mr. Richard Vecchione, Business Banking Officer of the Mount Kisco branch. We have found Mr. Vecchione to be a hard person to get in contact with. He has not returned our calls and has yet to respond to any of the numerous letters we have sent regarding the production of these checks and any delays in the process.

      As to your query regarding the payment by Mr. Hockler to Citibank for copies of the checks, according to Mr. Hockler he gave a check for $600.00 (#5089) to Mr. Vecchione on November 7, 2006. This was the same day that the Court ordered him to pay to obtain the bank records. The reason these fees were lower than anticipated was apparently both banks did not realize that these documents were requested by Mr. Hockler as a result of a Court Order. Once this was understood, both institutions reduced their normal and standard fees (Bank of America waived their normal fees). If we had

{00220034.DOC;}

Louis J. Testa, Esq.
January 16, 2007
Page 2 of 2

known that these fees would be reduced to this relatively small amount, we would never
have taken the position that these costs placed an unfair burden on our client.

Feel free to call me with any questions.

Very truly yours,

Earl T. Ormond

ETO/dw
Enc.
cc:    Scott Hockler
       Joseph M. Pastore III, Esq.
       Stephen Fox, Esq.

{00220034.DOC;}

# EXHIBIT M

# b R**O**WN R A Y S M A N

### BROWN RAYSMAN MILLSTEIN FELDER & STEINER LLP

George C. Springer, Jr.
Counsel
860-275-6461
gspringer@brownraysman.com

September 20, 2005

**VIA FACSIMILE**

Jeffrey L. Sapir, Esq.
Chapter 7 Trustee
399 Knollwood Road
White Plains, New York 10601

Re:    *In re the Ducky Interactive Inc.*
Case No. 05-23457(ASH)

*In re the Ducky Interactive Inc.*
Case No. 05-23456(ASH)

Dear Trustee Sapir:

We represent Ducky Interactive, Inc. ("Ducky Inc.") and Ducky Interactive, LLC ("Ducky LLC") and write this letter in furtherance of our telephone conversation of September 19, 2005. We are requesting your consent to seek a name change for Ducky LLC so that the dissolution of Ducky Inc. can be annulled pursuant to New York Law §203-a(7).

As discussed, Ducky Inc. was dissolved by proclamation during the year 2002 by The New York Secretary of State ("Secretary of State") for its failure to file State of New York franchise taxes and franchise tax returns. Prior to the time Ducky Inc. filed its bankruptcy petition, it sought reinstatement as a New York corporation by way of filing all of its outstanding franchise tax returns and state franchise taxes, penalties, and interest with the appropriate taxing authority. The Secretary of State was prepared to reinstate Ducky Inc. pursuant to New York Tax Law 203-a(7); however, due to the corporate existence of a similarly named entity, Ducky LLC, the Secretary of State was unable to reinstate Ducky Inc. until such time as either Ducky Inc. or Ducky LLC amended their corporate name. We have enclosed the documents from the Secretary of State regarding this issue.

Jeffrey L. Sapir, Esq.
September 20, 2005
Page 2


       In an effort to effectuate the prepetition reinstatement of Ducky Inc, we intend to amend the name of Ducky LLC to Ducky Interactive of New York, LLC. Thereafter, we would *resubmit* the documents to the Secretary of State for purposes of reinstating Ducky Inc. pursuant to New York Tax Law 203-a(7).

       We respectfully request your consent to change the name of Ducky LLC to Ducky Interactive of New York LLC. We await your advisement. Thank you for your attention to this matter.

                                  Respectfully Submitted,

                                  George C. Springer, Jr.


cc:     Joseph M. Pastore, III, Esq.
         Gerard S. Catalanello, Esq.
         Patrick M. Birney, Esq.

# EXHIBIT N

## Demers, Diane L.

| | |
|---|---|
| **From:** | Springer, George |
| **Sent:** | Tuesday, September 27, 2005 4:22 PM |
| **To:** | Demers, Diane L. |
| **Subject:** | FW: Ducky Interactive, Inc. and Ducky Interactive, LLC |

Diane: Please print and send to file and distribution. George.

-----Original Message-----
From: Jeffrey Sapir [mailto:JSapir@sapirch13tr.com]
Sent: Tuesday, September 27, 2005 3:46 PM
To: Springer, George
Subject: RE: Ducky Interactive, Inc. and Ducky Interactive, LLC

Yes, as per our telephone conversation.

-----Original Message-----
From: Springer, George [mailto:GSpringer@brownraysman.com]
Sent: Tuesday, September 27, 2005 10:35 AM
To: Jeffrey Sapir
Cc: Pastore III, Joseph M.; Birney Patrick M.
Subject: Ducky Interactive, Inc. and Ducky Interactive, LLC

Dear Trustee Sapir:

In follow-up to my previous correspondence, do we have your
authorization to seek a name change for Ducky Interactive, LLC so we can
annul the dissolution of Ducky Interactive, Inc.? Please let me know as
soon as possible. Thank you for attention to this matter.

George C. Springer, Jr.
Counsel
Brown Raysman Millstein Felder & Steiner LLP CityPlace II, 10th Floor
185 Asylum Street
Hartford, CT 06103
(860) 275-6461
(860) 275-6410
gspringer@brownraysman.com
www.brownraysman.com

> To ensure compliance with requirements imposed by the IRS, we inform
> you that any U.S. federal tax advice contained in this communication
> (including any attachments) is not intended or written to be used, and

> cannot be used, for the purpose of (i) avoiding penalties under the
> Internal Revenue Code or (ii) promoting, marketing or recommending to
> another party any transaction or matter addressed herein.
>
> Notice: This message, and any attached file, is intended only for the
> use of the individual or entity to which it is addressed, and may
> contain information that is privileged, confidential and exempt from
> disclosure under applicable law.  If the reader of this message is not

> the intended recipient, you are hereby notified that any
> dissemination, distribution or copying of this communication is
> strictly prohibited.  If you have received this communication in
> error, please notify us immediately by reply e-mail and delete all
copies of the original message.  Thank you.
>

1

# EXHIBIT O

# DREIER LLP

ATTORNEYS AT LAW

Joseph M. Pastore III  *Partner*
jpastore@dreierllp.com

June 15, 2007

**VIA FACSIMILE**
Jeffrey L. Sapir, Esq.
Trustee
399 Knollwood Road
Suite 102
White Plains, NY 10603

        Re:    Ducky Interactive, Inc. No. 05-23457

Dear Jeffrey:

        As you know, we represent Mr. Scott B. Hockler in the matter entitled Ducky Interactive, Inc. No. 05-23457.  Earlier this week we met and reached an agreement in principal whereby Mr. Hockler agreed to make a payment in the amount of $21,554.55 to the Ducky Interactive, Inc. estate for a full and complete release of any and all claims against Mr. Hockler, Ms. Pamela Stone, their affiliates and assignees.

        First Sterling Greenwich Corp. has agreed to accept a payment from the estate in the amount of $7,500.00 in full satisfaction for its proof of claim filed on February 28, 2007 in the amount of $42,029.56.

                        Very truly yours,

                        Joseph M. Pastore III

AGREED AND ACCEPTED    *Subject to Court Approval.*

By: _____  *6-15-07*
      Jeffrey Sapir as Trustee

/aml
cc:    Scott Hockler
        Earl T. Ormond, Esq.

One Landmark Square  20th Floor  Stamford, Connecticut  06901
Telephone 203 425 9500  Facsimile  203 425 9595

499 Park Avenue  New York, New York  10022
Telephone 212 328 6100  Facsimile  212 328 6101

Los Angeles · Albany
www.dreierllp.com

{00263745.DOC;}

# EXHIBIT P

FORM B10 (Official Form 10) (10/05)

| UNITED STATES BANKRUPTCY COURT Southern | DISTRICT OF New York | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor<br>Ducky Interactive, Inc. | Case Number<br>05-23457 | |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>Saylavee, LLC<br><br>Name and address where notices should be sent:<br>c/o Douglas S. Skalka<br>Neubert, Pepe & Monteith, P.C.<br>195 Church St, 13th Fl, New Haven, CT 06510<br>Telephone number: 203-821-2000 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

| Last four digits of account or other number by which creditor identifies debtor: | Check here ☐ replaces<br>if this claim ☑ amends    a previously filed claim, dated: 9/11/06 (Claim No. 5) |
|---|---|

| 1. Basis for Claim<br>☐ Goods sold<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☑ Other    See attached detail | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Last four digits of your SS #: _____<br>Unpaid compensation for services performed<br>from _____ to _____<br>            (date)            (date) |
|---|---|

| 2. Date debt was incurred:<br>1/1/05 - Present | 3. If court judgment, date obtained: |
|---|---|

4. Classification of Claim. Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed.
See reverse side for important explanations.

**Unsecured Nonpriority Claim** $263,714.50

☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim**

☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $_____

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim**

☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle    ☐ Other_____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| 5. Total Amount of Claim at Time Case Filed: | $ 263,714.50 | | | 263,714.50 |
|---|---|---|---|---|
| | (unsecured) | (secured) | (priority) | (Total) |

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 6. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

7. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date<br><br>3/1/07 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>Steven Lichtman, Member |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## Claim Itemization

| | | |
|---|---|---|
| 1. | Attorneys fees and costs under 11 USC § 303(i) (estimated and subject to court approval upon proper separate application) | $116,714.50 |
| 2. | Monies loaned | $ 18,000.00 |
| 3. | American Express expenses | $ 21,000.00 |
| 4. | Artwork | $ 3,000.00 |
| 5. | Costs associated with contract negotiations | $ 20,000.00 |
| 6. | Honoring memberships | $ 40,000.00 + |
| 7. | Purchase of assets | $ 45,000.00 |
| | Total | $263,714.50 |

# EXHIBIT Q

Sale Date: August 24th, 2005
Time: 11:00 A.M.
Hearing: August 24th, 2005
Time: 9:30 A.M.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
IN RE:

**DUCKY INTERACTIVE INC.,**

Chapter 7
Case No. 05-23457 ASH

Debtor
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### NOTICE OF INTENDED SALE

**PLEASE TAKE NOTICE,** that the abovenamed debtor is in Chapter 7 under the
Bankruptcy Code, which case was assigned to the Hon. Adlai S. Hardin, Jr. and
the undersigned is the appointed trustee herein.

**PLEASE TAKE NOTICE,** that the undersigned trustee will sell on August 24th, 2005
at 11:00 A.M., at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New
York, outside the Judge's Courtroom, all the trustee's right, title and interest, if any, in and to the
following property:
> **Assets located at 70 Main Street, New Canaan, Connecticut including
> clients and lease of that location only.**

An offer has been made by EHMB Associates LLC in the sum of $35,000.00.

Any person desiring further information or particulars, may contact the trustee at 399
Knollwood Road, White Plains, New York 10603, or at telephone number 914-328-7272.

The trustee would also entertain alternate offers to purchase said asset(s).

The trustee reserves the right to reject any and all bids received.

Terms: Cash on Delivery

**THIS NOTICE IS GIVEN** to permit parties in interest to object to the intended sale.
Unless a party in interest files a written objection with, and requests a hearing of the Bankruptcy
Court, 300 Quarropas Street, White Plains, ew York, on or before August 19th, 2005 at 5:00
P.M., the intended sale as described in this notice will go forward.

**OBJECTIONS** and requests for a hearing must be sent to the Hon. Adlai S. Hardin, Jr.
United States Bankruptcy Judge, U.S. Bankruptcy Court, 300 Quarropas Street, White Plains,

New York; to Jeffrey L. Sapir, Esq., Trustee, at 399 Knollwood Road, White Plains, New York, 10603;   and to the Office of the United States Trustee, 33 Whitehall Street,  New York, New York 10004.

       **IN THE EVENT OBJECTIONS ARE FILED** there will be a hearing held at the United States Bankruptcy Court,  300 Quarropas Street, White Plains, New York, on August 24th, 2005 at 9:30 A.M.

Dated: White Plains, New York
      August 3rd, 2005

/s/ Jeffrey L. Sapir
**Jeffrey L. Sapir (JLS0938)**
**Chapter 7 Trustee**
**399 Knollwood Road**
**White Plains, New York 10603**
**Tel. 914-328-7272**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
IN RE:                                          Chapter 7
                                                Case No. 05-23457 ASH

**DUCKY INTERACTIVE INC.,**


                                    Debtor
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### AFFIDAVIT OF MAILING

STATE OF NEW YORK           )
COUNTY OF WESTCHESTER       )  ss.:

          Lois Rosemarie Esposito, being duly sworn, deposes and says:

          I am not a party to the action herein, I am over the age of 18 years and reside in

the County of Westchester, State of New York.

          On August 3rd, 2005, I served a true copy of the within document to the herein

listed parties at the address(es) designated for that purpose, by mailing same in a properly sealed

envelope with postage prepaid thereon, in an official depository of the United States Postal

Service within the State of New York:

          United States Trustee
          33 Whitehall Street
          New York, New York 10004

          1220 WR Associates, LLC
          c/o Greenfield Partners LLC
          50 North Water Street
          Norwalk, Connecticut 06854

          Boss Leonard d/b/a The Bar Met
          32333 Fillmore Street
          San Francisco, California 94123

Brown Raysman Millstein Felder & Steiner, LLP
900 Third Avenue, 24th Floor
New York, New York 10022

Carl Diehl d/b/a The Bar Method
3333 Fillmore Street
San Francisco, California  94123

Commissioner of Revenue Services
Dept, of Revenue Services
P.O. Box 5030
Hartford, Connecticut  06102

Connecticut Dept. of Labor
Employment Security Division
P.O. Box 2940
Hartford, Connecticut  06104

Connecticut Light & Power
 P.O. Box 2960
Hartford, Connecticut  06104

First Sterling Greenwich Corp.
900 Third Avenue
New York, New York 10022

Internal Revenue Service
Insolvency Unit
P.O. Box 2899
Church Street Station
New York, New York 10008

Internal Revenue Service
Andover, Mass. 05501

Internal Revenue Service
Special Procedures Function
P.O. Box 60
Brooklyn, New York 11201

Internal Revenue Service
Att'n:  Insolvency
290 Broadway, 5th Floor
New York, New York 10007

Internal Revenue Service District Director
Att'n: Bankruptcy Division
Holtsville, New York 00501

J.H. Cleaning Services
63 Van Buskirk Avenue
Stamford, Connecticut 06902

MCI Small Business Square
P.O. Box 10527
Atlanta, Georgia 30348

Mercedes-Benz Credit
P.O. Box 551080
Jacksonville, Florida 32255

NYS Department of Taxation & Finance
Queens District Office
90-02 Kew Gardens Road
Kew Gardens, New York 11415

Paglialunga Inc.
148 Forest Street
New Canaan, Connecticut 06840

Pam Stone
12 Penwood Road
Mount Kisco, New York 10549

Saylavee LLC
15 East Putnam Avenue # 431
Greenwich, Connecticut 06830

Scott Hockler
12 Penwood Road
Mount Kisco, New York 10549

State of New York
Office of the Attorney General
120 Broadway
New York, New York 10271

Steven Lichtman
15 East Putnam Avenue # 431
Greenwich, Connecticut 06830

Office of the U.S. Attorney
Southern District of New York
One St. Andrews Plaza
New York, New York 10004

U.S. Department of Justice
Tax Division
P.O. Box 55, Ben Franklin Station
Washington, DC 20044

United States Attorney
Att'n: Chief of Bankruptcy Lit.
One Pierrepont Plaza, 14th Floor
Brooklyn, New York 11201

Waste Management of Connecticut Inc.
495 Blake Street
New Haven, Connecticut  06515

Pullman & Comley LLC
Att'n:  Timothy G. Ronan, Esq.
300 Atlantic Street
Stamford, Connecticut  06901

Pullman Comley LLC
Att'n:  Jessica Grossarth, Esq.
Att'n:  Irve J. Goldman, Esq.
850 Main Street
P.O. Box 7006
Bridgeport, Connecticut 06601-7006

Brown Raysman et al
Cityplace II
185  Asylum Street 10th Floor
Hartford, Connecticut  06103

Day, Berry & Howard, LLP
Att'n: Thomas J. O'Neill, Esq.
One Canterbury Green
Stamford, Connecticut 06901

/s/ Lois Rosemarie Esposito
Lois Rosemarie Esposito

Sworn to before me this
3rd day of August, 2005

/s/ Jeffrey L. Sapir_____
Jeffrey L. Sapir
Notary Public, State of New York
No. 60-8764500
Qualified in Rockland County
Cert. Filed in Westchester County
Term Expires: 12/31/06

# EXHIBIT R



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X          Chapter 11

In re:                                                                       05-23457 (ASH)

DUCKY INTERACTIVE INC.,                                      ORDER

                        Debtor.

-------------------------------------------------------X

Upon reading and filing the notice of motion of JEFFREY L. SAPIR, the chapter

7 trustee , dated August 30, 2005, for an order pursuant to Section 365(a) of the

Bankruptcy Code, permitting the trustee to assume the unexpired non-residential lease

entered into between Paglialunga, Inc. as landlord and Ducky Interactive Inc. as tenant

covering the premises located at 70 Main Street, New Canaan, Connecticut and assign

said unexpired non-residential lease to EHMB Associates LLC and a hearing having been

held on September 29, 2005 and after hearing JEFFREY L. SAPIR, attorney for the

trustee in support of said motion and there being no opposition thereto, and notice having

been given to all parties in interest, and due deliberation having been had, it is

ORDERED, that the trustee is permitted to assume the unexpired lease of non-

residential real property entered into between Paglialinga Inc and Ducky Interactive Inc.

covering the premises located at 70 Main Street, New Canaan, Connecticut, and it is

further

ORDERED, that the trustee be and he is hereby authorized to assign said lease

herein above assumed to ENMB Associates, LLC.

Dated: White Plains, New York
       September 29, 2005
                               /s/ Adlai S. Hardin, Jr.
                               U.S. Bankruptcy Judge

# EXHIBIT S

Return Date: July 24th, 2007
Time: 9:30 A.M.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
IN RE:

Chapter 7
Case No. 05-23457 ASH

**DUCKY INTERACTIVE, INC.,**

**NOTICE OF MOTION
PURSUANT TO RULE 9019**

Debtor
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

        **PLEASE TAKE NOTICE**, that upon the annexed application of Jeffrey L.

Sapir, the Chapter 7 Trustee herein, a motion will be made before the Hon. Adlai S. Hardin, Jr.,

Bankruptcy Judge, at the United States Courthouse located at 300 Quarropas Street, White

Plains, New York, on the 24th day of July, 2007 at 9:30 AM. for an order of

compromise/settlement pursuant to Bankruptcy Rule 9019 wherein the trustee will accept the

sum of $21,554.55 in full settlement of the controversy herein; and for such other and further

relief as this Court deems just and proper.

        **PLEASE TAKE FURTHER NOTICE**, that answering papers, if any, are to be

served on the undersigned and filed with the Court no less than three (3) days prior to the return

date of this motion, and must comply with the Bankruptcy Court's electronic filing system in

accordance with General Order M-242 and Supplemental General Order M-269.

Dated: White Plains, New York
      June 19th, 2007

                        /s/ Jeffrey L. Sapir
                        **Jeffrey L. Sapir  (JLS 0938)**
                        **Chapter 7 Trustee**
                        **399 Knollwood Road**
                        **White Plains, New York 10603**
                        **Tel. 914-328-7272**

To:    United States Trustee
        33 Whitehall Street
        New York, New York 10004

        Drier, LLP
        One Landmark Square, 20th Floor
        Stamford, Connecticut 06902

        Scott Hockler
        12 Penwood Road
        Mount Kisco, New York 10549

        Pam Stone
        12 Penwood Road
        Mount Kisco, New York 10549

        Steve Lichtman
        c/o Saylavee LLC
        15 East Putnam Avenue # 431
        Greenwich, Connecticut 06830

        Saylavee LLC
        15 East Putnam Avenue # 431
        Greenwich, Connecticut 06830

        Neubert, Pepe & Monteith, PC
        195 Church Street
        New Haven, Connecticut 06510

        Catherine Shepherd Zalucky
        553 Danbury Road
        Wilton, Connecticut 06897

        Hillary Jackson
        131 Old Kings Highway
        Wilton, Connecticut 06897

        Susan Curry
        32 Knollwood Lane
        Darien, Connecticut 06820

Victoria S. Coburn
42 Whitney Avenue
New Canaan, Connecticut 06840

Waste Management- RMC
2421 W. Peoria Avenue # 110
Phoenix, Arizona 85029

Northeast Utilities
Credit and Collection Center
P.O. Box 2899
Hartford, Connecticut 06101-8307

First Sterling Greenwich Corp.
900 Third Avenue, 35th Floor
New York, New York 10022

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
IN RE:

**DUCKY INTERACTIVE, INC.,**

Debtor
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Chapter 7
Case No.05-23457 ASH

**APPLICATION**

**TO THE HON.  ADLAI S. HARDIN, JR., BANKRUPTCY JUDGE:**

The application of Jeffrey L. Sapir, alleges:

1.    He is the Chapter 7 Trustee herein having been duly appointed as such.

2.    By this application, leave is sought to compromise and settle the controversy herein.

3.    The Court is well aware of the tortured history of this case.

4.    The trustee, after  meetings and numerous telephone calls, has, he believes, negotiated a fair settlement for all parties.

5.    The trustee believes that there may be a preference and/or fraudulent conveyance cause of action against Scott Hockler and Pam Stone.

6.    The trustee also believes that there may be  a cause of action against Steve Lichtman and/or Saylavee, LLC for filing a false and improper proof of claim.

7.    In settlement of the controversy, Scott Hockler has agreed to pay the trustee the sum of $21,554,55 in full and final settlement of all claims against himself and Pam Stone, and the trustee will not pursue any claims against Saylavee, LLC and Steve Lichtman.

8.    The estate presently has $31,289.00.

9.    The settlement will provide the following:

a.    100% or the sum of $3,229.88 to pay the customer creditors (claim numbers 1, 2,

3 and 4);

      b.    100% or the sum of $2,113.67 to pay the two trade creditors (claim numbers 6 and 7);

      c.    Payment of $7,500.00 in full settlement of the landlord claim (claim number 9);

      d.    The sum of $25,000.00 to pay the trustee's commission and reduced attorney's fees;

      e.    The sum of $15,000.00 to pay the Saylavee, LLC claim in full (claim number 5).

      10.    The trustee believes that the settlement is fair for both sides and will end the two-party dispute.

      11.    It is in the best interest of the debtor's estate that the trustee accept the offer of settlement without incurring any further expenses herein.

      **WHEREFORE,** it is respectfully prayed that the Court approve the compromise/ settlement offer in full settlement of the controversy; and for such other and further relief as may be just and proper.

Dated: White Plains, New York
      June 19th, 2007

             /s/ Jeffrey L. Sapir_____
             **Jeffrey L. Sapir**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
IN RE:                            Chapter 7

Case No. 05-23457 ASH

**DUCKY INTERACTIVE, INC.,**

Debtor(s)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### AFFIDAVIT OF MAILING

STATE OF NEW YORK                )
COUNTY OF WESTCHESTER      )  ss.:

Lois Rosemarie Esposito, being duly sworn, deposes and says:

I am not a party to the action herein,  I am over the age of 18 years and reside in

the County of Westchester, State of New York

On June 19th, 2007, I served a true copy of the within document, to the herein

listed parties at the address(es) designated for that purpose, by mailing same in a properly sealed

envelope with postage prepaid thereon, in an official depository of the United States Postal

Service within the State of New York to the following:

**TO::**   United States Trustee
33 Whitehall Street
New York, New York 10004

Drier, LLP
One Landmark Square, 20th Floor
Stamford, Connecticut  06902

Scott Hockler
12 Penwood Road
Mount Kisco, New York  10549

Pam Stone
12 Penwood Road
Mount Kisco, New York 10549

Steve Lichtman

c/o Saylavee LLC
15 East Putnam Avenue # 431
Greenwich, Connecticut  06830

Saylavee LLC
15 East Putnam Avenue # 431
Greenwich, Connecticut  06830

Neubert, Pepe & Monteith, PC
195 Church Street
New Haven, Connecticut  06510

Catherine Shepherd Zalucky
553 Danbury Road
Wilton, Connecticut  06897

Hillary Jackson
131 Old Kings Highway
Wilton, Connecticut  06897

Susan Curry
32 Knollwood Lane
Darien, Connecticut 06820

Victoria S. Coburn
42 Whitney Avenue
New Canaan, Connecticut  06840

Waste Management- RMC
2421 W. Peoria Avenue # 110
Phoenix, Arizona  85029

Northeast Utilities
Credit and Collection Center
P.O. Box 2899
Hartford, Connecticut  06101-8307

First Sterling Greenwich Corp.
900 Third Avenue, 35th Floor
New York, New York 10022

/s/ Lois Rosemarie Esposito

**Lois Rosemarie Esposito**

Sworn to before me this
19th day of June, 2007

 /s/ Jeffrey L. Sapir_____
Jeffrey L. Sapir
Notary Public, State of New York
No. 60-8764500
Qualified in Rockland County
Cert. Filed in Westchester County
Term Expires:  12/31/10