UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re: Ducky Interactive, Inc.,      Case No. 05-23457
                         (Chapter 7)
              Debtor.

---

Scott B. Hockler,
                      Appellant.      No. 07-civ-6410 (SCR)

vs.

                                  Before Hon. Stephen C. Robinson

Steven Lichtman and Saylavee LLC,

              Appellees.

---

## REPLY TO BRIEF OF APPELLEE

Dated: September 20, 2007      Steven E. Fox (SF 5432)
                                         Anthony B. Stumbo (AS 9374)
                                         Dreier LLP
                                         499 Park Avenue
                                         New York, New York 10022
                                         Tel. (212) 328-6100

                                                -and-

                                         Joseph M. Pastore III (JP 1717)
                                         Dreier LLP
                                         One Landmark Square, 21st Floor
                                         Stamford, Connecticut 06901
                                         Tel. (203) 425-9500

                                         Counsel for the Debtor and Scott B. Hockler

## **TABLE OF CONTENTS**

Table of Authorities …………………………………………………………………………..3

Preliminary Statement …………………………………………………………………………..4

Argument …………………………………………………………………………………………..5

    I. **Mr. Hockler's Purported Failure to Comply with the Rule 2004 Subpoena was With Adequate Excuse**……………......................................5

    II. **Sanctions are Unreasonable in Light of Saylavee's Unclean Hands in this and Related Matters and the Sanctions are Completely Disproportionate to the Recent Proposed Settlement**……………………7

    III. **Conclusion**…………………………………………………………………..…8

# **TABLE OF AUTHORITIES**

Cases

1. Devils Films, Inc. v. Nectar Video
   2000 WL 1201383 (S.D.N.Y. Aug. 23, 2000) ....................................................7

2. In re Sphinx, Ltd.
   No. 06-11760, 2007 WL 1965597, at *6 (S.D.N.Y. July 5, 2007) ……………..4

Federal Laws, Rules and Regulations

1. Bankruptcy Rule 2004 …………………………………………………………  2, 6

2. Bankruptcy Rule 8013 …………………………………………………………….4

## **PRELIMINARY STATEMENT**

Mr. Hockler, in his capacity as the court-designated "representative" of Ducky, Inc. ("Ducky"), the Debtor, solely in connection with a certain Bankruptcy Rule 2004 examination conducted by Saylavee LLC ("Saylavee"), respectfully submits this Reply to the Brief of Appellees, Steven Lichtman ("Mr. Lichtman") and Saylavee (collectively, "Appellees"), in support of his appeal of the Order imposing sanctions of $18,000 ("Sanctions"), entered on June 1, 2007, in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by the Honorable Judge Adlai S. Hardin, Jr. (the "June 1 Order").[1]  See Designation of the Record, Docket ("Docket #") 90.

On April 17, 2006, Saylavee served a subpoena on Mr. Hockler for a Rule 2004 examination (the "Rule 2004 Subpoena").  On August 22, 2006, Saylavee filed its Motion (a) to Compel production of Documents and (b) for Order of Contempt ("Motion for Contempt") for Mr. Hockler's failure to comply with the Rule 2004 Subpoena.  See Docket #30.

At a hearing on the Motion for Contempt held before the Bankruptcy Court on September 28, 2006 (the "September 28 Hearing"), Judge Hardin ordered Mr. Hockler to produce *all* bank statements related to Ducky.  One week later, on October 4, 2006, Mr. Hockler filed a declaration with the Court detailing the steps he had taken in response to the order ("October 4 Declaration").  On October 20, 2006, Mr. Hockler filed a supplemental declaration with the Court detailing additional steps undertaken to retrieve requested documents.

---

[1] On June 11, 2007, Mr. Hockler filed a motion in the Bankruptcy Court seeking a stay of the June 1 Order pending the outcome of the Appeal.  The Bankruptcy Court denied this motion.

On June 1, 2007, the Bankruptcy Court awarded Saylavee $18,000 in Sanctions. On June 11, 2007, Mr. Hockler timely filed his Notice of Appeal. See Docket #95. Despite this Notice of Appeal, at Saylavee's request, on June 22, 2007, the Court entered an additional Order authorizing Saylavee to undertake enforcement of the June 1 Order (the "June 22 Order"). On June 26, 2007, counsel for Mr. Hockler sent a letter to Judge Hardin requesting that he immediately vacate the June 22 Order and grant Mr. Hockler's a stay pending appeal. The Judge denied these two requests via Order, dated June 27, 2007.

Appellees assert through their Brief that Mr. Hockler's failure to comply with the Rule 2004 Subpoena was "without adequate excuse." See Brief of Appellee, p. 4. Additionally, Appellees incorrectly assert that their own unclean hands in this and related matters are irrelevant to this appeal.

As set forth more fully below, Mr. Hockler's purported failure to timely comply with the Subpoena was justified, his attempts to comply with the spirit of the Court's orders were diligent, and the Sanctions appealed herein are unreasonable in light of the surrounding circumstances, including the fact that the settlement and proposed payout now before the District Court filed by Trustee Jeffrey Sapir is almost equal than this Sanction. Accordingly, the June 1 Order imposing Sanctions on Mr. Hockler should be reversed.

## ARGUMENT

### I. MR. HOCKLER'S PURPORTED FAILURE TO COMPLY WITH THE RULE 2004 SUBPOENA WAS WITH ADEQUATE EXCUSE

The Second Circuit cautioned courts not to resort to the "potent weapon [of contempt] where there is a fair ground of doubt as to the wrongfulness of the defendant's

conduct." *King v. Allied Vision Ltd.,* 65 F.3d 1051 (2d Cir. 1995) (citing *California Artificial Stone Paving Co. v. Molitor,* 113 U.S. 609 (1885)). Furthermore, Fed. R. Civ. P. 45 provides, "[f]ailure by any person without adequate excuse to obey a Subpoena served upon that person may be deemed a contempt of the court…" In light of Mr. Hockler's diligent efforts to comply with the Rule 2004 Subpoena and the Bankruptcy Court's directives in the Bankruptcy Proceedings, the June 1 Order imposing Sanctions on Mr. Hockler should be reversed.

As set forth in Mr. Hockler's October 4 Declaration, on September 28, 2006, the same day the Court directed him to retrieve certain checks, Mr. Hockler immediately went to Citibank and Bank of America, the only two banks at which Ducky maintained accounts and/or records of statements and checks, to retrieve the items in accordance with the Court's order. Bank of America informed Mr. Hockler that retrieval of records would take one week (See Bank of America Letter, attached hereto as Exhibit A), and Citibank informed him that processing his request would take up to 10 days (See Citibank Letter, attached to hereto as Exhibit B). The production of the documents beyond these deadlines can only be attributed to the banks retrieving the documents at Mr. Hockler's request. Mr. Hockler should not be held responsible for Citibank or Bank of America's additional delays in producing the checks thereafter.

Moreover, many, if not all items requested by Saylavee in its Rule 2004 Subpoena have been in the possession of Trustee Sapir since the outset of the Bankruptcy Proceedings. In fact, Trustee Sapir admitted to being in possession of 191 Ducky checks following a hearing held before the Bankruptcy Court on November 7, 2006 (the "November 7 Hearing"). These checks in Trustee Sapir's possession, had they been

timely provided to Saylavee and/or Mr. Lichtman, would have likely satisfied most, if not all, required components of the Rule 2004 Subpoena. If Saylavee and/or Mr. Lichtman were truly interested in these records, they would have procured them from the best available source -- Trustee Sapir.

In total, Mr. Hockler has produced in excess of 8,000 documents in the Bankruptcy Proceedings. Delays in producing only a small percentage of certain documents indicated in the Rule 2004 Subpoena is not the result of Mr. Hockler's lack of diligence, but rather were caused by third parties, and accordingly were with adequate excused.

**II.     SANCTIONS ARE UNREASONABLE IN LIGHT OF SAYLAVEE'S UNCLEAN HANDS IN THIS AND RELATED MATTERS AND THE SANCTIONS ARE COMPLETELY DISPROPORTIONATE TO THE RECENT PROPOSED SETTLEMENT**

The unclean hands of the party moving for contempt is relevant to whether that movant is entitled to relief. *Devils Films, Inc. v. Nectar Video,* 2000 WL 1201383 (S.D.N.Y. Aug. 23, 2000). Over the past several years, through six separate litigations, including claims before the Bankruptcy Court, Mr. Lichtman and/or Saylavee have improperly used the Courts to fulfill a personal vendetta, and Sanctions sought were an effort to further this motive.

To date, Mr. Lichtman and/or Saylavee, have brought **six** separate litigations and/or claims, each relating to Mr. Lichtman's and Mr. Hockler's three month business venture involving the exercise studios now at issue in Bankruptcy Proceedings. These claims include a Connecticut Federal action in 2004 and a Connecticut State action in 2005.

It has also been set forth throughout these Bankruptcy Proceedings that Mr. Lichtman and/or Saylavee, on several occasions, have attacked Mr. Hockler on a personal level and even went after Mr. Hockler's family and friends. In total, Mr. Lichtman and/or Saylavee have utilized the resources of three separate law firms and spent in excess of $1,000,000 pursuing valid claims which have totaled significantly less than this amount. Mr. Lichtman and/or Saylavee now turn to this Court and these Sanctions as a last resort to continue their attack. Again, Mr. Lichtman and/or Saylavee were only involved in the small business at the center of these judicial proceedings for three months. Despite Mr. Lichtman's and/or Saylavee's efforts, all of these actions have been rejected, stayed, released or dismissed. Judge Hardin permitted this behavior to continue, but the District Court has an opportunity to correct this injustice.

The Court also should consider the fact that Trustee Sapir has already agreed in principle to accept a payment ("Proposed Settlement") from Mr. Hockler in the amount of $21,544 to settle this matter with the estate and satisfy all remaining third party creditors. A true and accurate copy of the Proposed Settlement is attached hereto as Exhibit C. This Proposed Settlement was presented to the Court by Trustee Sapir and is now pending. Clearly, the award of $18,000 in Sanctions against Mr. Hockler in a case that the Trustee has already agreed to settle for an amount of $21,544, is not warranted and excessive. Quite simply, the punishment does not fit the crime in this case and the Court should examine Mr. Lichtman's and/or Sayalvee's unclean hands in these matters and the unreasonableness of the Sanctions imposed, and reverse the June 1 Order.

## **CONCLUSION**

For the foregoing reasons, the Court should immediately vacate the June 1 Order.

Dated: September 20, 2007
       New York, New York

                         Respectfully submitted,

                         DREIER LLP

                         By:   */s/Steven Fox*
                              Steven E. Fox (SF 5432)
                              Anthony B. Stumbo (AS 9374)
                              499 Park Avenue
                              New York, New York 10022
                              Tel. (212) 328-6100

                              -and-

DREIER LLP
Joseph M. Pastore III  (JP 1717)
One Landmark Square
Stamford, Connecticut 06901
Tel. (203) 425-9500

Counsel for the Debtor and Scott B. Hockler