UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

SCOTT B. HOCKLER,

      Appellant,

v.

STEVEN LICHTMAN and
SAYLAVEE LLC,

      Appellees.

IN RE:

DUCKY INTERACTIVE, INC.,

      Debtor.

07 Civ. 6410 (SCR)

MEMORANDUM DECISION
AND ORDER

---

**STEPHEN C. ROBINSON, United States District Judge.**

    Scott B. Hockler, in his capacity as the court-designated representative of Ducky Interactive, Inc. ("Ducky"), has filed a notice of appeal following the entry of a final order of sanctions by the United States Bankruptcy Court for the Southern District of New York. The Bankruptcy Court found Mr. Hockler in contempt of a Court issued subpoena. It awarded Saylavee sanctions in the amount of $18,000.00, representing the attorney's fees and expenses that it incurred in attempting to secure Mr. Hockler's compliance with the subpoena. The Bankruptcy Court subsequently denied Mr. Hockler's motion to vacate or stay the sanctions order pending this appeal.

    For the reasons set forth in this opinion, the judgment of the Bankruptcy Court is affirmed.



# I

# BACKGROUND

On July 8, 2005, Ducky filed a voluntary petition under Chapter 7 of the Bankruptcy Code. On September 19, 2005, Saylavee filed a motion, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, seeking authorization to conduct an examination of Ducky. The Bankruptcy Court granted Saylavee's motion, and it designated Mr. Hockler as representative of Ducky, pursuant to Rule 2001(5)(A). On April 29, 2006, Mr. Hockler was served with a subpoena for a Rule 2004 examination. The subpoena ordered Mr. Hockler to produce certain documents that Saylavee reasonably required to conduct the Rule 2004 examination.

Mr. Hockler did not comply with the terms of the subpoena. On August 22, 2006, Saylavee filed a motion to compel Mr. Hockler to comply with the subpoena. On September 28, 2006, the Bankruptcy Court held a hearing on Saylavee's motion to compel. At this hearing, Mr. Hockler's counsel represented to the Bankruptcy Court that 6,500 documents had been produced. The Bankruptcy Court stated: "[I]t doesn't matter what you've produced, it's what you have not produced." Appellee's Br. at 5. The Bankruptcy Court further explained: "Mr. Hockler will within a week under oath, certify by affidavit every single bank account; the number, the bank and he will do whatever is necessary to obtain from the bank all bank records relating to every account and *if he doesn't he will be held in contempt*. I hope that's clear. I don't mean to be subtle here." *Id.* at 6 (emphasis supplied). Finally, the Bankruptcy Court emphasized: "Make no mistake that Mr. Hockler is going to have to comply in complete and utter detail with every single aspect of the document requests and he is going to have to justify himself under oath because his deposition will be taken and he'll have to certify—if he says, 'Well, there are no

corporate records of this sort or that sort,' he's going to have to say that under oath and somehow be believable if it's the kind of document records that must surely have existed." *Id.*

On November 3, 2006, and in anticipation of a second hearing on Mr. Hockler's failure to comply with the subpoena, Saylavee filed a supplemental affidavit in support of its motion to compel. In that affidavit, Saylavee set forth with specificity the extent of Mr. Hockler's failure to comply with the subpoena and with the Bankruptcy Court's prior order. At the second hearing, which was held on November 15, 2006, Mr. Hockler had still not complied with the subpoena or the Bankruptcy Court's order, despite the fact that six months had passed since service of the subpoena and six weeks had passed since the first hearing.

During this hearing, the Bankruptcy Court explained that it believed that Mr. Hockler was responsible for the non-compliance. "He was proprietor of this corporate entity. He is the one whose failure to maintain documents and records of the corporate entity with creditors who are entitled to know what he did with the money of this debtor is responsible. So far as I am concerned, he is in contempt." *Id.* at 7. Mr. Hockler's position, in part, was that he should not bear the expense of procuring bank records. The Bankruptcy Court dismissed that contention: "So far as I am concerned, it is grossly untimely and, second, as far as who should bear the cost of this, in my view it is not the creditors of this estate who are entitled to know and understand the financial stewardship of Mr. Hockler and who have been deprived of that by his failure to keep the corporate records. It is his responsibility, not the creditors and not the Chapter 7 Trustee's responsibility." *Id.* With respect to Saylavee's continuing efforts to secure compliance with the subpoena, the Bankruptcy Court explained, "So, okay, who else does one look to and they shouldn't have to come back to court again and again and again and there have to be consequences. There have to be consequences for that kind of behavior." *Id.* at 8.

At this second hearing, Mr. Hockler maintained that certain documents requested by Saylavee were in the possession of the Chapter 7 Trustee. Saylavee notes, however, that the Trustee clearly had indicated that these documents, particularly bank statements and checks for the six months immediately prior to the filing of the bankruptcy petition, were never in his possession.

On November 30, 2006, the Bankruptcy Court entered a second order granting Saylavee's motion to compel. It held Mr. Hockler in contempt of the first order and in contempt of compliance with the subpoena, and Mr. Hockler was directed to produce the requisite records. The second order explained that Saylavee, at the appropriate time, would be permitted to make an application for the imposition of sanctions.

On February 13, 2007, the Bankruptcy Court held a sanctions hearing. At the hearing, the Bankruptcy Court determined that Mr. Hockler and his counsel had not complied with the requirement, imposed by the second order, to write all parties, including accountants, requesting the information contained in the subpoena. The Bankruptcy Court stated, "I'm just absolutely stunned that you have not made inquiry to try to find documents from the accountant that prepared a tax return of the source documents that are used to prepare the documents. I am floored. You still haven't done it to this day." Appellee's Br. at 12. The Bankruptcy Court found Mr. Hockler's failure to comply with the numerous orders and the subpoena "inexcusable" and "contumac[ious]." *Id.* at 13. The Court also warned Mr. Hockler that he would be "extremely" or "seriously sanctioned." *Id.* Thereafter, the parties participated in another conference call with the Court in order to ascertain the extent of Mr. Hockler's non-compliance with the numerous court orders and the subpoena. The parties were given an opportunity to submit memoranda addressing this issue.

07 Civ. 6410 (SCR)                                                                                                                5

On May 10, 2007, the Bankruptcy Court indicated that it would award sanctions in favor of Saylavee for reasonable attorney's fees and expenses. The Bankruptcy Court explained that, in its view, Mr. Hockler "really did not make efforts at compliance [thus] requiring the filing of several further motions." *Id.* at 14. Furthermore,

> I should point out that with regard to many of these documents, they are documents that Hockler and his business should had and should have retained. That is perfectly clear from the provision of Section 727(a) which basically can deny a discharge in its entirety for failing to maintain records necessary to ascertain the financial affairs of a debtor. To the extent that the records were not maintained and that one would have expected to be maintained were bank records. The request to the bank should have been made right at the outset. Had they been made right at the outset those documents could have been produced last summer.

*Id.* Subsequently, on June 1, 2007, the Bankruptcy Court entered an order imposing on Mr. Hockler sanctions in the amount of $18,000.

## II

## DISCUSSION

### A. Standard of Review

This Court reviews for abuse of discretion a Bankruptcy Court's imposition of sanctions. *In re Ngan Gung Restaurant, Inc.*, 195 B.R. 593, 596 (S.D.N.Y. 1996) (collecting cases). A Bankruptcy Court's findings of fact are reviewed for clear error, *see* FED. R. BANKR. P. 8013; *In re CBI Holding Co., Inc.*, 529 F.3d 432, 449 (2d Cir. 2008), and such findings are clearly erroneous if this Court is "left with the definite and firm conviction that a mistake has been committed." *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1388 (2d Cir. 1990) (internal quotation marks and citation omitted). Issues of law and a Bankruptcy Court's legal conclusions,

07 Civ. 6410 (SCR)                                                                                                 6

however, are reviewed de novo. *In re Adelphia Commc'n Corp.*, 367 B.R. 84, 90-91 (S.D.N.Y. 2007).

## B. The Bankruptcy Court Did Not Abuse Its Discretion

Rule 7037 of the Federal Rules of Bankruptcy Procedure incorporates into bankruptcy proceedings Rule 37 of the Federal Rules of Civil Procedure. Under Rule 37(b)(2)(A)(vii), if "a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery . . . the Court where the action is pending may issue further just orders . . . include[ing one] treating as contempt of court the failure to obey any order . . . ." *See also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."). Under Rule 37(d)(3), in turn, a court may impose sanctions by requiring "the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[*]

Ultimately, "[t]here are two limitations on a court's discretion to impose Rule 37 sanctions: The rule expressly requires that the sanctions be 'just'; and the sanction must relate to the particular claim to which the discovery order was addressed." *In re Tartaglione*, 06-cv-13560, 2008 WL 336844, at *3-4 (S.D.N.Y. Feb. 5, 2008) (internal quotation marks and citations omitted). Accordingly, sanctions under Rule 37(d), as a general matter, are limited to the legal fees and costs for the motion or motions to compel discovery, conferences, and any other expenses or damages incurred as a result of the failure to comply with the court's discovery orders. *Fonar Corp. v. Magnetic Resonance Plus, Inc.*, 162 F.R.D. 276, 279 (S.D.N.Y. 1995).

---

[*] A bankruptcy court also may impose sanctions under its inherent powers, and the guidelines provided by Rule 37(d) may serve to guide the court's discretion in exercising that power. *See* 11 U.S.C. § 105(a); *Grand Street Realty, LLC v. McCord*, 04-cv-4738, 2005 WL 2436214, at *3-4 (E.D.N.Y. 2005 Sept. 30, 2005).

Mr. Hockler submits that the Bankruptcy Court erred in its imposition of sanctions because he attempted to comply with the court's directives and because the Chapter 7 Trustee was in possession of "many" of the items requested by Saylavee. These arguments, however, were considered and properly rejected by the Bankruptcy Court. For example, the Bankruptcy Court explained, "[Y]ou're [sic] objection on October 25th to a Subpoena that was issued on April 29th is grievously and woefully late and to say, 'well, we didn't know about the Court's order until October 10' is really very little help because the Court's Order dated October 10th was a result of his previous failure and, in fact, his complete thumbing of his nose at the subpoena from the end of April on." Appellee's Br. at 16. The Bankruptcy Court plainly determined that Mr. Hockler had not attempted to comply with the Court's discovery orders, and it found his non-compliance "inexcusable" and "contumac[ious]." *Id.* at 13. The Bankruptcy Court continued, "So far as I am concerned . . . as far as who should bear the cost of this, in my view it is not the creditors of this estate who are entitled to know and understand the financial stewardship of Mr. Hockler and who have been deprived of that by his failure to keep the corporate records. It is his responsibility, not the creditors and not the Chapter 7 Trustee's responsibility." *Id.* Contrary to Mr. Hockler's representations, moreover, the Trustee clearly indicated that he was never in possession of bank statements and checks for the six months immediately prior to the filing of the bankruptcy petition.

It is evident from the record that the Bankruptcy Court considered willful and contumacious Mr. Hockler's failure to comply with the subpoena for five months and his failure to comply with two Bankruptcy Court orders. Mr. Hockler has not shown that the Bankruptcy Court's findings of fact are clearly erroneous or that its decision to impose sanctions was an abuse of discretion.

Mr. Hockler also challenges the amount of the sanctions as unreasonable. An award of sanctions under Rule 37(d), as a general matter, is limited to the legal fees and costs for the motion or motions to compel discovery, conferences, and any other expenses or damages incurred as a result of the failure to comply with the court's orders. *Fonar Corp.*, 162 F.R.D. at 279; *see also Pereira v. Felzenberg*, 96-civ-7957, 1997 WL 698186, at *6-7 (S.D.N.Y. Nov. 7, 1997). In this case, the Bankruptcy Court awarded $18,000 in sanctions, but it did not explain the basis for settling on that amount. In its submission to the Bankruptcy Court, Saylavee itemized the attorney's fees and expenses that it had incurred in connection with Mr. Hockler's failure to comply with the April 29 subpoena, the motions (and two hearings) to compel compliance with that subpoena, and the subsequent sanctions hearing and order—a period stretching from April 29, 2006 though June 1, 2007. Saylavee's attorney's fees and costs totaled $37,098.47. The Bankruptcy Court's sanctions award is approximately one-half of this amount.

On appeal, Mr. Hockler does not challenge Saylavee's itemization of its attorney's fees and costs. Rather, he contends that the $18,000 sanctions award is "far disproportional to the total amounts in dispute," relying on documents prepared as part of a settlement agreement that are not a part of the record on appeal. *Compare* Appellant's Br. at 14 *with* Appellee's Br. at 17. The Court cannot accept Mr. Hockler's argument. The Second Circuit has explained that "[s]evere sanctions are justified . . . when the failure to comply with a court order is due to willfulness or bad faith, or is otherwise culpable." *Daval Steel Prods. v. M/V Fakredline*, 951 F.2d 1357, 1367 (2d Cir. 1991). In this case, the Bankruptcy Court determined that Mr. Hockler had willfully failed to comply with the subpoena and the two court orders compelling him to comply. Mr. Hockler's non-compliance with the subpoena continued for five months, and his non-compliance with the Bankruptcy Court's orders lasted over six weeks. As a result of Mr.

Case 7:07-cv-06410-SCR   Document 13   Filed 06/23/09   Page 9 of 10
07 Civ. 6410 (SCR)                                                                                    9

Hockler's non-compliance, Saylavee filed motions to compel and a motion for the imposition of sanctions, and the Bankruptcy Court held three hearings. Finally, both Mr. Hockler and his counsel received notice at first motion to compel hearing that he would be held in contempt if he did not comply with the terms of the subpoena and the Bankruptcy Court's orders. Appellee's Br. at 5-6 ("Mr. Hockler will within a week under oath, certify by affidavit every single bank account; the number, the bank and he will do whatever is necessary to obtain from the bank all bank records relating to every account and *if he doesn't he will be held in contempt*. I hope that's clear. I don't mean to be subtle here.") (emphasis supplied). On this record, the Bankruptcy Court's imposition of $18,000 in sanctions—one-half the attorney's fees and costs that Saylavee incurred in attempting to compel Mr. Hockler's compliance with the subpoena—falls within Rule 37's allowance of "reasonable expenses, including attorney's fees, caused by the failure" to comply with discovery orders. *See* FED. R. CIV. P. 37(d)(3); *Pereira*, 1997 WL 6998186, at *7 (reducing an award of sanctions to the amount of attorney's fees and costs incurred in preparing motions to compel and a motion for a contempt order); *see also In re Walker*, 532 F.3d 1304, 1310 (11th Cir. 2008) (affirming a bankruptcy court's award of sanctions in the amount of $14,000, an estimate of the amount of time "necessary to prepare for and attempt the hearing on" a frivolous motion); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 526-29 (2d Cir. 1990) (affirming the district court's imposition of Rule 37 sanctions in the amount of $21,984.24); *Tse v. UBS Fin. Srvs., Inc.*, 568 F. Supp. 2d 274, 328-29 (S.D.N.Y. 2008) (imposing sanctions under Rule 37 in the amount of $16,666.75 to reimburse the plaintiff for the fees and costs associated with the filing of its sanctions motion for discovery violations).

07 Civ. 6410 (SCR)                                                                                    10

## Conclusion

For the foregoing reasons, the Court affirms the judgment of the Bankruptcy Court. The Clerk of the Court is directed to close this case.

*It is so ordered.*

Dated: June 23, 2009

White Plains, New York

_____
Stephen C. Robinson
United States District Judge